IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

IN RE:                                          )
    **Ricky Nelson Crosby**              )    Case No.  10-15883
    **xxx-xx-1175**                           )    Chapter 13
    **Debtor.**                                  )

### CHAPTER 13 PLAN

Payments to Trustee from the debtor(s):

1. The debtor(s) shall pay to the Trustee the sum of **$1,050.00 per month** for **60 months** through employer wage deduction unless the debtor(s) indicate an intention to pay direct so long as the debtor(s) remain current on plan payments. The debtor(s) will pay **through wage deduction.**

2. Unless this plan is confirmed as a 36-month plan guaranteeing a 100% dividend to unsecured creditors, the debtor(s) will additionally turn over to the Trustee all tax refunds, bonuses, unused vacation pay and any other irregular or incidental disposable income received during the term of the Plan to be distributed in accordance with guidelines established by the Court. These amounts will be applied to the existing plan base; however, to the extent applying these additional amounts to the existing base would reduce the plan length to less than 36 months, the plan base will be increased. Federal earned income credit portions of tax refunds will be returned to the debtor(s) if a timely request for such relief is received prior to disbursement of the funds to creditors.

3. The debtor(s) will additionally turn over to the Trustee the nonexempt portion of the proceeds of any lawsuit, inheritance, or any other windfall in an amount in excess of $500.

From payments received under the plan, the Trustee shall make the following disbursements:

1. To the Trustee, administrative expenses to be paid in full pursuant to 11 USC § 1326 and 28 USC § 586.
2. To the debtor(s)' attorney, the sum of $1,744.00 to be paid pursuant to local rules until paid in full.
3. To secured creditors, deferred payments as follows:

    a. Holders of long term debts pursuant to 11 U.S.C. § 1322(b)(5) **(if the holder is a mortgage creditor, also see the provisions in #1(a) of the Other Provisions of Plan section)**:

**Creditor**

| | |
|---|---|
| Green Tree | long-term debt on 1999 Manufactured Home will be paid by direct payment from debtor, per contract terms. |
| Kenneth Mahaffey | long-term debt on land (Tract#5) will be paid by direct payment from debtor, per contract terms. |

b.  All other secured creditors will be paid the value of the creditor's collateral as referenced below (except the 910 creditors, who are fully secured), with interest in the amount stated below. To the extent the value exceeds the secured claim, only the claim amount, with interest as referenced below, shall be paid. Each secured creditor shall retain its lien until entry of an order granting discharge.

| Creditor | Collateral | Value | Int Rate | Plan Pymt |
|---|---|---|---|---|
| Gordon's Jewelers | wedding set, chain | $100.00 | 0% | pro rata |

**910 Secured Creditor.** A 910 secured creditor is fully secured and will receive an adequate protection payment, in the amount referenced below, per local procedure. All else in 3b. applies.:

| Creditor | Collateral | Int Rate | Adequate Prot Pymt | Monthly Plan Pymt |
|---|---|---|---|---|
| Liberty National Bank (Co-Debtor Stay - fully paid) | '03 Pontiac Aztek Ralley | 11.475% | $100.00 | $100.00 |
| Nissan Motor Acceptance (Co-Debtor Stay - fully paid) | '08 Nissan Pathfinder | 6.79% | $550.00 | $550.00 |
| Chase Auto Finance (fully secured) | '05 Chevrolet Silverado | 6.9% | $300.00 | $300.00 |

Morgan Retirement Plan Services - two loans secured by retirement account - will be paid by direct payment from debtor, per contract terms.

4. To creditors entitled to priority status pursuant to 11 U.S.C. § 507:
   IRS - $2,718.75 (est) - CoDebtor Stay in place.

5. Debts listed above that have a co-debtor and will be paid in full, at contract interest rate, to protect the co-debtor:
   1) Nissan Motor Acceptance, 08 Nissan Pathfinder;   2) Liberty National Bank, 03 Pontiac Aztek Ralley;  3) IRS tax debt (both priority & unsecured will be paid in full - $2,885.47 est).

6. To nonpriority unsecured creditors, **approximately $101,160.00.**

**Other provisions of the Plan:**

1. Other provisions including payments to be made directly by the debtor(s), collateral to be surrendered and other conditions: **A.)** Any mortgage creditor being paid through the plan as the holder of a long-term debt must promptly notify the Trustee, Debtor(s), Debtor(s)' attorney in writing of any change in the ongoing monthly mortgage payment. Additionally, the mortgage creditor must amend the arrearage portion of their claim to include any post-petition charges that are not included as part of the ongoing monthly mortgage payment. Such amendments should be filed at the time the post-petition charges are incurred. Failure to comply with any portion of this provision may result in the entry of an order deeming the mortgage current as of the date of the final ongoing monthly mortgage payment by the Trustee. **B.)** Debts to be paid by direct payment from debtor, per contract terms:   1) Green Tree - secured by 1999 Manufactured Home;   2) Kenneth Mahaffey - secured by land (Tract #5);   3) Morgan Retirement Plan Services - two

loans secured by retirement account.

2. If at any time during the case, an order terminating the automatic stay is entered, no further distributions will be made to the secured creditor obtaining stay relief until such time as the creditor files an amended claim reflecting any deficiency. Any allowed claim for a deficiency will be treated as a general unsecured claim.

3. All executory contracts are rejected, except such executory contracts assumed, as follows: **None.**

4. Creditors not advising the Trustee of address changes may be deemed to have abandoned their claims.

5. If the Trustee identifies this case as a business case, the debtor(s) will provide the Trustee with such monthly reports as he requests on forms provided by the Trustee.

6. The Trustee will make no disbursements to any creditor until the creditor has filed a proper proof of claim and provided a file-stamped copy of the claim to the Trustee. In the case of a secured claim, the creditor must attach proper proof of perfection of its security interest as a condition of payment by the Trustee.

7. To the extent necessary to make the disbursements required under this Order, the plan term may be automatically extended to a term up to 60 months.

8. The debtor(s) will pay a minimum base of **$63,000.00** if confirmed as a base plan. If the plan is confirmed as a percentage plan, the debtor(s) will pay the greater of the stated percentage or base amount. This plan is proposed according to the means test and proposed for a term of **60 months.**

9. All property shall remain property of the estate and shall vest in the debtor(s) only upon dismissal, discharge, conversion or other specific orders of the Court. The debtor(s) shall be responsible for the preservation and protection of all property of the estate not transferred to and in the actual possession of the trustee.

DATED: October 5, 2010

_____
DEBTOR: Ricky Nelson Crosby

_____
John C. Cramer, OBA# 12254
Cramer Law Firm
1014 SW B Avenue
Lawton, OK 73501
(580) 248-3099 Voice
(580) 248-3095 Fax
ATTORNEY FOR DEBTOR